**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4163**

─────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

THOMAS CARVER STEPHENS,

　　　　　　　Defendant - Appellant.

─────────

**No. 13-4164**

─────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

THOMAS CARVER STEPHENS,

　　　　　　　Defendant - Appellant.

─────────

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington and Raleigh.  James C. Fox, Senior District Judge.  (7:98-cr-00049-F-1; 5:98-cr-00083-F-1)

─────────

Submitted:  October 7, 2013　　　　Decided:  October 9, 2013

─────────

Before WILKINSON, KING, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1998, Thomas Carver Stephens pleaded guilty in two separate cases to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Stephens to 168 months of imprisonment for the bank robbery conviction and a concurrent 120 months of imprisonment for the firearm conviction, followed by three years of supervised release. After his release from incarceration, the district court found that Stephens had violated the terms of his supervised release. The court revoked Stephens' supervised release and sentenced him to twenty-four months of imprisonment on each conviction, to be served concurrently. Stephens appeals. Finding no error, we affirm.

Stephens argues that the revocation sentence is plainly unreasonable as the district court failed to properly consider his need for substance abuse treatment in sentencing him above the advisory Guidelines range. We review a sentence imposed on revocation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the United States Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "the

court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks and citation omitted). We have reviewed the record and the relevant legal authorities and conclude that the sentence is reasonable.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED